**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Stephen PROVENCIO, Defendant–
Appellant.**

No. 05–50169
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Stephen Provencio, Bastrop, TX, pro se.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

## PER CURIAM: [*]

Stephen Provencio, federal inmate # 28915–180, appeals the denial of his motion for 28 U.S.C. § 2255 relief, in which he challenged his guilty plea conviction for possession with intent to distribute 3, 4–methylenedioxymethamphetamine. The district court granted a certificate of appealability (COA) on whether *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applied retroactively to Provencio's § 2255 motion. The Government moves for summary affirmance in lieu of filing a brief or for an extension of time to file an appellate brief should the court deny its motion for summary affirmance.

*Booker* does not apply retroactively to Provencio's § 2255 motion. *See United States v. Gentry*, 432 F.3d 600, 604–05 (5th Cir.2005). Provencio's argument that the district court violated his due process rights when it denied him a three-level reduction for acceptance of responsibility is outside the scope of the district court's grant of a COA, and this court has already denied a COA on this issue. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir.1997).

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED; the Government's motion for an extension

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of time to file an appellate brief is DE-NIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.